## York Ice Machinery Corporation v. Robbins et al.

*Lester R. Male,* of *Greene & Male,* for plaintiff.

*J. Wilson Ames, V. A. Decker* and *Gerald G. Dolphin,* for defendants.

Swoyer, P. J., December 26, 1934. — This is an action in replevin. On August 1, 1933, plaintiff filed a præcipe for a writ of replevin against defendants. Attached to said præcipe was what purported to be the usual replevin bond in which York Ice Machinery Corporation was named as principal and United States Guarantee Company, a New York corporation, as sole surety. Defendant has filed its motion to quash the writ of replevin because of alleged defects in the said bond and for other reasons, and it is upon the rule granted in pursuance of said motion that the matter is now before the court.

While neither plaintiff nor defendants has or have filed specific requests for findings of fact and conclusions of law, we find that the issue involves the following

### Findings of fact

1. York Ice Machinery Corporation and Lackawanna Ice Company, Inc., are both Pennsylvania corporations.

2. The original bond filed with the præcipe for a writ of replevin was executed by a "branch treasurer" without setting forth the authority of the said officer to execute the bond, and on behalf of United States Guarantee Company by two alleged "attorneys in fact", with copy of power of attorney attached.

3. United States Guarantee Company had not filed in the Court of Common Pleas of Wayne County the required certificate from the Insurance Commissioner of the Commonwealth authorizing it to become surety within the Commonwealth.

4. Prior to the filing of this present motion, we had made an order, on motion of attorney for plaintiff, granting permission to file a new or amended bond.

From these findings of fact, and after due consideration of the arguments of counsel and the several briefs filed by them, we form the following

### Conclusions of law

1. It is mandatory that a proper bond be filed by the plaintiff prior to the issuance of a writ of replevin.

2. The bond filed in the instant case was not a proper bond because of improper execution and for the further reason that the certificate required by

the Act of 1883 and its supplement of 1923 was not at the time of filing of the said bond on file in the office of the Prothonotary of the Court of Common Pleas of Wayne County.

3. The matter is jurisdictional, and jurisdiction can neither be waived nor conferred by any agreement between or subsequent act of the parties.

4. We were without authority to permit the amendment of the original bond or the substitution of another bond after the issuance of the writ.

### Discussion

1. We are supported in our conclusion by the Replevin Act of 1901 itself, which requires the filing of a bond at the time of issuance of the writ; the action of replevin being statutory, the statute must be strictly construed.

2. The bond required must be self-sustaining and in itself be binding upon both principal and surety; it must be more than mere evidence in an action at law through which its principal or penal sum might be collected from the principal and surety. We believe it to be well-settled law that a bond of a corporation must, to be binding upon the corporation, show that it is executed by the proper officers or show upon its face that the officers executing it had authority thereby to bind the principal and the corporation surety. Execution by a "branch treasurer" without evidence of authority is not such a binding, nor is execution by "attorneys in fact" without more authority than the mere copy of an alleged power of attorney, which copy does not bear the impress of the corporate seal and is otherwise defective. We feel it unnecessary to cite the numerous decisions supporting this opinion, inasmuch as the writ must be quashed for another reason, viz., because at the time of the execution and filing of the bond no certificate from the Insurance Commissioner had been filed in the office of the Prothonotary of Wayne County and hence the corporation surety had no authority to issue such a bond in this Commonwealth, or at least in Wayne County. We conceive the instant case to be on all fours with the recent case of Huron Leather Co., Ltd., v. Sklar et al., 101 Pa. Superior Ct. 534, wherein the court held:

"On a rule to quash a writ of replevin, the record disclosed that the plaintiff, a foreign corporation, instituted an action of replevin to recover a shipment of leather and that it filed a bond as required by Sec. 1 of the Replevin Act of April 19, 1901, P. L. 88. The bond as filed was signed by the plaintiff's attorney as attorney-in-fact and by a surety company. The commonly accepted abbreviation of a seal ' (L. S.) ' appeared following the signature of plaintiff corporation, but the corporate seal of plaintiff was not attached. At the time of the filing of the bond the plaintiff's attorney did not have a formal power of attorney properly executed by the officers of the plaintiff company, but he delivered to the prothonotary a telegram signed by the plaintiff company which stated that such power of attorney would be sent. The writ of replevin was issued and served on the defendant. Later the plaintiff company, with permission of the court below, filed a formal power of attorney ratifying the act of its attorney-in-fact in executing the bond. Thereupon the defendant's rule to quash the writ was discharged. Held: (1) That where the plaintiff failed to file a valid and self-sustaining bond before the service of the writ of replevin, the court could not validate the service by curing the defects in the invalid bond and (2) that the court below erred in discharging the defendant's rule to quash the writ." (See also Burns's Contested Election, 315 Pa. 23.)

While it is true that the cited case differed from the case at bar in that in the former the bond lacked the corporate seal of the plaintiff company, we can con-

ceive that the corporate seal affixed by an officer lacking authority can have little, if any, more effect than if there were no seal at all—its affixation can at the most be no more than evidential of authority to affix such seal.

3 and 4. It appears to us to be obvious from the foregoing that if the bond filed was neither valid nor self-sustaining, then we had no jurisdiction over the defendant or the subject matter, nor could such defect be cured and jurisdiction acquired by our action in permitting the substitution of a new bond. nor by any act or agreement of the parties.

### Order

Now, to wit, December 26, 1934, for the reasons set forth in the foregoing opinion, the rule to show cause why the writ of replevin in the instant case should not be quashed is made absolute, and the said writ is hereby quashed. Costs to be paid by plaintiff.          From A. G. Rutherford. Honesdale. Pa.