## Costello, Appellant, *v*. Rice.

Argued May 6, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

reargument refused August 10, 1959.

*Philip P. Kalodner*, with him *John T. Synnestvedt*, for appellant petitioner.

*Harry J. Rubin*, Deputy Attorney General, with him *Anne X. Alpern*, Attorney General, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 30, 1959:

This case, like *Butcher et al. v. Rice*, ante p. 158, questions the constitutionality of the Apportionment Act of May 10, 1921, P. L. 449, as amended by the Act of July 26, 1923, P. L. 106, and, by like token, the preceding Apportionment Acts of 1906 and 1874. The matter is before us on original jurisdiction. After the pleadings had been completed in the Court of Common Pleas of Dauphin County (where the suit was properly instituted) and nothing remained for decision but questions of law, counsel for the plaintiff petitioned us to certiorari the record below to this court for disposition along with *Butcher et al. v. Rice*, supra, which was then here on appeal. We so acted and the two cases were argued successively on the same day.

What we have said in *Butcher v. Rice*, ante, in declining to take cognizance of the plaintiff's attack on the constitutionality of an Apportionment Act and of the *constitutional* impossibility of an election-at-large of State Senators is equally applicable here.

Bill dismissed at the plaintiff's costs.

Mr. Justice BELL dissents for the reasons given in his dissenting opinion in *Butcher et al. v. Rice,* ante.

Mr. Justice McBRIDE took no part in the consideration or decision of this case.

---

SUPPLEMENTAL OPINION BY MR. CHIEF JUSTICE JONES, August 10, 1959:

The plaintiff has petitioned for reargument on the ground that our opinion dismissing his complaint did not expressly pass upon his contention that the Senatorial Apportionment Act of May 10, 1921, P.L. 449, has become unconstitutional because of its failure to conform to a specific provision of Article II, Section 16, of the State Constitution so far as the Senatorial District composed of Montgomery County is concerned.

Specifically, the petitioner reasons that, since Article II, Section 16, of the Pennsylvania Constitution provides, inter alia, that "Each county containing one or more ratios of population shall be entitled to one Senator for each ratio, and to an additional Senator for a surplus of population exceeding three-fifths of a ratio . . ." and since Montgomery County (which constitutes one Senatorial District and consequently has but one Senator), now has a population, according to the latest decennial census, of more than one and three-fifths of a population ratio (which is ascertained by dividing the whole population of the State by the number fifty), the district is entitled to two Senators. Wherefore the petitioner argues that the Apportionment Act of 1921 has become unconstitutional.

It is the petitioner's contention that the constitutional prescription of an additional Senator for a population in excess of one and three-fifths population

ratios is similar, in legal effect, to other constitutional specifications which, as noted in our opinion in *Butcher v. Rice*, 397 Pa. 158, made the constitutional validity of the Apportionment Acts of 1937 judicially reviewable, as was recognized in *Shoemaker v. Lawrence*, 45 Dauphin 111, and *Lyme v. Lawrence*, 45 Dauphin 322.

There is, however, a material distinction between the circumstances for which the Apportionment Acts of 1937 were stricken down, as being violative of the Constitution, and the situation upon which the petitioner bases his contention. The Acts of 1937, in their very enactment, plainly ignored established and undeniable physical facts relative to geographical areas of the State. In the instant case, it is the increase in the population of Montgomery County over the years which furnishes the basis of the plaintiff's argument that the Apportionment Act of 1921 has become unconstitutional because it does not allot two Senators to Montgomery County.

The Apportionment Acts of June 30, 1937, P.L. 2443, and of June 30, 1937, P. L. 2454, relating, respectively, to Representative and Senatorial apportionment, were obviously invalid at the time of their passage and were properly stricken down timely by judicial decree because of the patent constitutional errors in their enactment, such as, their omission entirely of certain territory of the State, their inclusion of non-contiguous territory within the same district and their specification of political subdivisions which did not actually exist. Anything the General Assembly does in an exercise of its legislative power is of course judicially reviewable for its constitutionality. See *Hertz Drivurself Stations, Inc. v. Siggins*, 359 Pa. 25, 33, 58 A. 2d 464. But, whether the legislature may be judicially enjoined to discharge a duty constitutionally imposed upon it is an entirely different matter. It is

a question of the latter type with which this appeal is concerned.

The Senatorial Apportionment Act of 1921 in its allotment of one Senator to the Montgomery County District conformed to the pertinent constitutional prescription and was a valid enactment. Under the decennial census of 1920 the population ratio for a Senator was 174,400. Montgomery County's population was 199,310, which was relatively little more than the population ratio and considerably less than 279,040, which would have been one and three-fifths of the then population ratio. Of course, if the legislature upon reapportioning Senatorial Districts should allot only one Senator to a district having a population in excess of one and three-fifths population ratios (e.g., Montgomery County), the statute would be an unconstitutional enactment which a court would strike down and reestablish the last preceding apportionment act just as was done in the *Shoemaker* and *Lyme* cases, supra. An apportionment act, valid when enacted, does not become unconstitutional merely by reason of a district's increase in population. Such a condition, of course, affords a strong and cogent reason for reapportionment but it does not serve to invalidate an apportionment statute, once constitutionally enacted. The question of an apportionment act's constitutionality cannot be made to depend on the fortuitous circumstances of successive shifts in population one way or the other.

The solution which the petitioner advocates oversimplifies the problem. To be sure, the Constitution intends that a county with a population exceeding one and three-fifths of a population ratio shall be entitled to two Senators, but that does not mean that, upon reapportionment, Montgomery County would necessarily have two Senators allotted to it. The legislature might conceivably take sufficient of Mont-

gomery County's population area contiguous to Bucks County and incorporate it with that county in a Senatorial District which would have a population more nearly approaching the population ratio and produce a consequent pro tanto reduced population in the remaining Montgomery County District to a number well below one and three-fifths of the population ratio. That a court cannot give the petitioner the senatorial representation which he seeks for his district is patent. Concededly, the courts are not authorized to reapportion legislative districts.

There are many problems involved in apportionment which only the legislature, to which the duty in such connection is constitutionally committed, could possibly resolve with any degree of satisfaction and expedition. For instance, if Montgomery County were accorded another Senator upon reapportionment, obviously a district elsewhere in the State would have to be extinguished. The Constitution expressly limits the membership of the Senate to fifty. There are two other counties in the State (Delaware and Allegheny), each of which is entitled to another Senator under the Constitution's prescription. All of this argues strongly for the immediate need of senatorial reapportionment but it does not serve to render unconstitutional the existing Apportionment Act which applies to the other sixty-four counties of the Commonwealth as well. What the petitioner seeks is a judicial invalidation of the existing Apportionment Act even though the court is without authority to supply a substitute apportionment and is not constitutionally empowered to compel the legislature to do so.

To carve fifty Senatorial Districts out of Pennsylvania's sixty-seven counties, with their varying areas and geographical boundaries as irregular as a jigsaw puzzle, and comply with the several prescriptions spe-

cified in the Constitution, presents a problem which should not be precipitated by an out-of-hand court invalidation of the existing Apportionment Act, when there is no constitutional judicial power to compel legislative reapportionment of the State, even though such is long overdue in view of the Constitution's explicit mandate in Article II, Section 18.

As we recognized in the original opinion filed herein, the basic question posed by this appeal is ruled adversely to the appellant on the rationale of our decision in *Butcher v. Rice*, supra. Whether the legislature should be disciplined for dereliction in the discharge of the duty laid upon it by Article II, Section 18, of the Constitution, to apportion the State decennially into senatorial and legislative districts, presents a political and not a justiciable question which can be constitutionally resolved only by the people through the exercise of their elective franchise and not in a judicial proceeding. If the people desire to compel legislative compliance with the duty imposed upon the General Assembly by Article II, Section 18, then the Constitution must be amended so as to prescribe efficient sanctions to the end desired and the appropriate means of imposing them. Until that be done, this court will remain without constitutional authority to require the legislature to discharge a duty committed to it by the people in their Constitution. It was held more than eighty years ago by this court, under the present Constitution, that the Governor is exempt from the process of the courts whenever engaging in any duty pertaining to his office and that his immunity from judicial process extends to his subordinates and agents when acting in their official capacity: *Appeal of Hartranft*, 85 Pa. 433, 444, 449. The legislature can be no less immune from judicial process in respect of its discharge of its official duties: *Fergus v. Marks*, 321 Ill. 510, 152 N.E.

557. Any decree by this court directed against the legislature would be unenforceable and no basis for a charge of contempt, if ignored. It would be a classic example of what the law describes as a *brutum fulmen.**
What a court cannot do directly, it should not attempt by indirection: *Colegrove v. Green,* 328 U.S. 549, 555.

Petition for reargument denied.

----

DISSENTING OPINION TO SUPPLEMENTAL OPINION BY MR. JUSTICE BELL:

For the reason set forth at length in my Dissenting Opinion in *Butcher v. Rice,* I dissent to the original opinion and to the supplemental opinion of the Court in this case.

----

* "An empty noise; an empty threat": Black's Law Dictionary, Third Ed.