## Barry Township Annexation Case.

Argued October 1, 1959. Before JONES, C. J., BELL, JONES, COHEN, BOK and MCBRIDE, JJ.

*John T. Pfeiffer, III,* with him *D. J. Boyle,* for appellant.

*John E. Lavelle,* for appellees.

OPINION BY MR. JUSTICE BELL, January 18, 1960:

A petition for annexation of a certain area of Barry Township by and to Butler Township was signed by 172 freeholders, which constituted about 2/3 of the freeholders concerned, of Barry Township. On April 5, 1958, the Supervisors of Butler Township passed an ordinance approving this petition for annexation of that portion of Barry Township. The Court appointed a Board of Commissioners to make a study of the facts, as provided by the Act of July 20, 1953, P. L. 550. After

a hearing the Commissioners filed a carefully considered report which contained findings of fact which were generally favorable to the annexation.

Section 5 of the Act of 1953, supra, provides that after the Commissioners have filed their report "The court shall consider the findings of the board, together with any facts that may be submitted to it, and shall make an order either dismissing the proceedings or affirming the annexation." The Court, in an able analytical opinion, after carefully considering the record and the findings of fact of the Board of Commissioners, affirmed the annexation.

Appellant (The Board of Supervisors of Barry Township) makes three main contentions: (1) The description of the territory of Barry Township which was annexed by the ordinance was vague and insufficient in fact and in law. The description is as follows: "All that certain territory or portion of Barry Township bounded on the North by line of land of Northumberland County, on the East by land of Butler Township, on the South by Mahanoy Creek, and on West by line of land of Eldred Township."

The Act does not specify that the description must be by metes and bounds, nor does it specify the manner or details of the description required for the property which is to be annexed. A description by metes and bounds is therefore unnecessary; however, it is absolutely necessary that the description of the property proposed to be annexed be both definite and accurate. Cf. *Negley v. Lindsay,* 67 Pa. 217; *Marks v. Ligonier Borough,* 233 Pa. 372, 82 A. 477. The only part of the description which appellant really contends is indefinite is the South boundary line, namely, "bounded . . . on the South by Mahanoy Creek". Mahanoy Creek is a small stream originating in the area of Shenandoah and Mahanoy City. Its width varies from 25 to 50 feet and its maximum depth is approxi-

mately 4 feet. Without any doubt it is not a great river nor a navigable stream: *Gibbs v. Sweet,* 20 Pa. Superior Ct. 275, 282; *Coovert v. O'Conner,* 8 Watts 470; *Barclay R. R. and Coal Co. v. Ingham,* 36 Pa. 194; *Leaf v. Pennsylvania Co.,* 268 Pa. 579, 112 A. 243; *Edwards v. Woodruff,* 25 Pa. Superior Ct. 575. The boundary line of the creek is sufficiently definite and accurate.

The second main contention made by appellant is that only one Judge acted on and dismissed the exceptions to the report of the Commissioners. There is no merit in this contention. The *Court en banc acted*—the opinion was signed "By the Court, Curran, J." Moreover, all four Judges sat on the bench when the Court's opinion dismissing the exceptions was handed down.

The other objection made by appellant was the cost to Barry Township—the assessed value of Barry Township will be reduced by approximately 21%. Cost or loss of revenue is an important factor, but not controlling: *Whitehall Borough Case,* 161 Pa. Superior Ct. 397, 55 A. 2d 70.

We find no palpable abuse of discretion or error of law.

The judgment and order of the lower Court is affirmed.