Zeigenfuse *v.* Boltz (et al., Appellants).

366

Submitted October 20, 1960.  Before JONES C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Ralph M. Bashore* and *Daniel J. Boyle,* for Schuylkill County Commissioners, appellants.

*Fred C. Pace,* for intervenors, appellants.

*H. G. Stutzman* and *Stutzman, Lewis & Sidoriak, Calvin J. Friedberg* and *Hicks, Williamson, Friedberg, Jones & McKenna, Wilbur H. Rubright* and *Walesky & Rubright,* and *Leonard Schumack,* for appellees.

*Marshall J. Seidman,* Deputy Attorney General, and *Anne X. Alpern,* Attorney General, for Commonwealth, intervenor.

Opinion by Mr. Chief Justice Jones, October 27, 1960:

By proceedings duly had in the Court of Quarter Sessions of Schuylkill County portions of Barry Township in that County were annexed to contiguous Butler Township in the same county. The order of annexation was affirmed by this Court on January 18, 1960, 398 Pa. 180, 157 A. 2d 410. The following presently pertinent facts appear by stipulation of counsel filed on these appeals, viz.,

"8. Prior to the annexation of the territory above described to Butler Township, all of the residents living within said territory were registered as electors and voted in the North Election District of Barry Township and the East Election District of Barry Township. Under Apportionment Act of 1953, P.L. 956, Section 1.

"9. Barry Township was, and still is, in the Second Legislative District of Schuylkill County. Under the Apportionment Act of 1953, P.L. 956, Section 1.

"10. Under the Apportionment Act, supra, Butler Township was, and still is, in the First Legislative District of Schuylkill County."

In March of 1960 the Commissioners of Schuylkill County, acting as the County Board of Elections, without petition filed in the Court of Quarter Sessions, as required by law, purported to establish the annexed portions of Barry Township as the Mowry Election District of Butler Township. As a consequence, "At the Primary Election held April 26, 1960, the registered electors of the territory of Barry Township annexed to the Township of Butler hereinabove described, were given ballots and voted in the election precinct known as Mowry District of Butler Township, and the names of the candidates for nomination for the respective political parties were the candidates for legislative

office in the First Legislative District of Schuylkill County." Stipulation of counsel, paragraph 12.

The attention of the County Board of Elections was subsequently called, by petition filed with the Board on August 23, 1960, to the fact that the establishment of the Mowry Election District operated to effect a transference of portions of one legislative district to another contrary to the provisions of Section 2 of the Legislative Apportionment Act of July 29, 1953, P.L. 956, 25 PS §2216. The County Board of Elections thereafter adopted two resolutions, one on September 6, and the other on September 8, 1960, ordering and directing that the electors of the portions of Barry Township which were annexed to Butler Township, as hereinabove stated, should continue to vote in Barry Township as they did prior to the annexation, that the County Registration Commission should forthwith return the registrations of such electors or any new registrations for the area, to the Barry Township Election Districts for voting purposes as theretofore and, further, that the County Board of Elections should prepare the ballots for the Barry Township Election Districts accordingly.

On September 13, 1960, the plaintiffs, as qualified electors of Schuylkill County residing in the portions of Barry Township annexed, as above stated, to Butler Township, filed their complaint in the instant suit against the Board of Commissioners of Schuylkill County, acting as the County Board of Elections. The plaintiffs sought thereby to restrain the defendants from carrying out the intent and purpose of the above mentioned resolutions of the County Board of Elections of September 6 and 8, 1960. The plaintiffs also prayed issuance of a preliminary injunction in the premises pending final hearing and determination of their complaint. A rule was granted on the defendants to show

cause why a preliminary injunction should not issue as prayed for. The defendants promptly filed preliminary objections to the complaint. Argument was duly had thereon before the court en banc with the result that, on September 26, 1960, the court (one judge dissenting) entered the following order: "The preliminary objections are dismissed; the rule is made absolute. The preliminary injunction shall issue."

On September 29, 1960, the County Commissioners of Schuylkill County, acting as the County Board of Elections, appealed the order to this court and filed a bond, thereby making the appeal a supersedeas as provided by statute. The next day (viz., September 30th) the plaintiffs filed a bond in the sum of $1,000 and the Prothonotary issued a writ of injunction based on the court's order of September 26, 1960. Because of the public interest involved and the urgent necessity for an early decision on the merits, we advanced the appeals for disposition on submitted briefs and record, which are now before us.

The questions of law raised by the appellants may be summarized as follows: (1) Can a preliminary injunction issue until the applicant files bond to indemnify the defendant against consequent damages? (2) Did the court of equity have jurisdiction of this proceeding? (3) Can a board of county commissioners or a court of equity transfer a portion of one legislative voting district to another legislative voting district?

The appellants' first contention is that the filing of a bond is an essential prerequisite to the issuance of an injunction and that, in this case, the injunction was granted on September 26th and the bond not filed until September 30, 1960. In the meantime, the defendants had appealed to this court on September 29th. There is no question about the correctness of the rule

of law relied upon by the defendants. See *Surco Products, Inc. v. Kieszek*, 367 Pa. 516, 80 A. 2d 842; *Mintzer v. Turnbach*, 113 Pa. Superior Ct. 113, 172 A. 162; and Rule 1531 (b) (1) of the Pennsylvania Rules of Civil Procedure. However, the court order of September 26, 1960, making absolute the rule for a preliminary injunction and directing that such injunction should issue, was misunderstood by the appellants as constituting the injunction which, actually, did not issue until September 30, 1960, when the prothonotary executed the writ of injunction and the plaintiffs filed the required security bond. An order making absolute a rule for judgment or an order directing the entry of judgment by the prothonotary is interlocutory. Cf. *Magaro v. Metropolitan Edison Company*, 315 Pa. 369, 172 Atl. 865 (1934); *Trestrail v. Johnson*, 297 Pa. 49, 146 Atl. 150 (1929); *Watkins v. Neff*, 287 Pa. 202, 134 Atl. 625 (1926). Such was the status of the order below of September 25, 1960.

Ordinarily, the decree of a court awarding an injunction delineates and defines the enjoining mandate and, thus, constitutes the injunction which is required to be secured by bond. But where, as here, the court does no more than make absolute a rule for a preliminary injunction and directs that such injunction shall issue, it is the carrying out of the order by the issuance of an injunction that becomes appealable. The fact is that the defendants' appeal in this case preceded the definitive injunction by a day. In any event, the prematurity of the appeal by one day could be readily remedied by the filing of another appeal, but that would be time consuming and only entail further delay in the final disposition of the pending matter on the merits. The complete record of the case is now before us with extensive briefs of counsel and exhaustive opinions for the court below and the dissenting judge.

We shall, therefore, treat the record as amended so as to show that the appeal was taken on September 30th instead of September 29th. That is not a matter of assuming to extend the time within which an appeal can be taken, but quite the contrary. The time for appeal has not yet run.

The court below had jurisdiction of the proceeding. As we recently pointed out in *McGinley v. Scott,* 401 Pa. 310, 164 A. 2d 424, the general equity jurisdiction of the courts of common pleas of the Commonwealth by virtue of Section 13 of the Act of June 16, 1836, P.L. 784, 17 PS §281, embraces the power to prevent or restrain "the commission or continuance of acts contrary to law and prejudicial to the interests of the community, or the rights of individuals," citing *Zerbe Township School District v. Thomas,* 353 Pa. 162, 168, 44 A. 2d 566, and cases there cited. The complaint in this case avers that the action of the Board of County Commisioners of Schuylkill County, sitting as the County Board of Elections, contravened Section 2 of the Legislative Apportionment Act of July 29, 1953, P.L. 956, 25 PS §2216, and further, that the action of the defendants constitutes a disfranchisement of the plaintiffs and all other electors in the portions of Barry Township annexed to Butler Township. Neither the fact that the complainants may prove unable to sustain the allegations of their bill nor the fact that the court may be without power to grant the relief sought, does not serve to deny equity's jurisdiction in the first instance. Unquestionably equity would have had jurisdiction to enjoin the County Board of Elections from attempting to transfer a portion of one legislative election district to another.

This brings us to the basic question involved on these appeals: Did either the County Commissioners of Schuylkill County, acting as the County Board of

Elections, or the court below, possess the power to transfer, either directly or indirectly, a portion of the County's Second Legislative District to its First Legislative District, consequent upon the annexation of portions of Barry Township to Butler Township? The answer to that question is simply and definitely "No".

. Section 1 of the Legislative Apportionment Act of 1953, 25 PS §2215, ordained in limine,—"That until the next decennial United States census and the apportionment be made thereon by law, the House of Representatives shall consist of two hundred and ten members, and shall be apportioned as follows, namely—"; then followed the provision, inter alia, that "The County of Schuylkill . . . shall be divided into two [legislative] districts", each district to elect two members, with Butler Township included in the First District and Barry Township in the Second. Section 2 of the Legislative Apportionment Act, 25 PS §2216, then provided, in presently material connection, that "The foregoing apportionment is based on the United States decennial census of one thousand nine hundred and fifty. . . . and any township, borough, city or ward, or any portion thereof, annexed to any other township, borough, city or ward since such census, shall form a part of the district to which the territory comprised within such township, borough, city or ward, or portion thereof, is allotted by the provisions of this act, according to the political division existing at the time of such census." That disposes, adversely to the plaintiffs, of the barrier which they sought to erect by their complaint.

Indeed, in the light of the unmistakable legislative intent so clearly expressed in the above quoted portion of Section 2 of the Act of 1953, it is difficult to perceive how the question now under consideration was ever seriously pressed. This is the first time that such

a question has been brought to this court under any of the apportionment acts passed pursuant to the constitutional direction of Article II, §18, that "The General Assembly at its first session after the adoption of this [1874] Constitution, and immediately after each United States decennial census, shall apportion the State into senatorial and representative districts . . . ."

There are three interesting lower court cases which arose under the Apportionment Act of February 15, 1906, Ex. Sess. P.L. 21, with respect to the annexation by the City of Allentown (a separate legislative district under that Act) of contiguous territory situated in other legislative districts. See *Horlacher v. Commissioners*, 3 Lehigh County Law Journal 108 (1908); *Koch v. Commissioners*, 5 Lehigh County Law Journal 174 (1912); and *Commonwealth v. Commissioners*, 5 Lehigh County Law Journal 183 (1912). In each of these cases the court recognized that the annexations could not operate to change the boundaries of the representative districts as prescribed by the legislature pursuant to the provision in Article II, §18, of the Constitution. Incidentally, the restrictive provision of Section 2 of the Act of 1906, supra, was not nearly as specific as Section 2 of the presently pertinent Act of 1953 with respect to the annexation of a part of one legislatively apportioned area to another.

But, even without the above quoted provision of Section 2 of the Act of 1953, supra, the court below could not competently maintain by injunctive restraint the purported transference by the County Board of Elections of a portion of Schuylkill County's second legislative election district to its first and thus virtually effect a reapportionment of the two representative districts. The function of dividing the State into senatorial and representative districts is, by virtue of Arti-

cle II, §18, of the Constitution, so exclusively the province of the legislature alone, that an apportionment once made, *as the Constitution prescribes,* is not subject, in any way, to alteration or control by any other governmental branch or department; nor is it amenable to judicial review or interference even negatively exerted, as here, by injunctive restraint. See *Butcher v. Rice,* 397 Pa. 158, 153 A. 2d 869, and *Costello v. Rice,* 397 Pa. 198, 153 A. 2d 888.

Tested by the rule applicable upon appellate review of the granting, refusal or continuing of a preliminary injunction (see, e.g., *McGinley v. Scott,* supra), it is clear that the court below not only did not have reasonable grounds for its action but that its reasoning in support of the injunctive order was palpably wrong and must be set aside.

The order of the court below is reversed, the preliminary injunction vacated, and the complaint dismissed at the plaintiffs' costs.