## Tinder v. Tinder

*Reilly, Fogwell & Lentz*, for plaintiff.

KURTZ, J., July 2, 1962.—On June 25, 1962, this court entered an order without hearing in the above matter, which contained three provisions:

(1) That defendant be enjoined from prosecuting an action for divorce in any foreign State;

(2) That plaintiff enter security in an amount therein specified as required by Pa. R. C. P. 1531 (b); and

(3) That a hearing on the continuance of the injunction be held on June 29, 1962, at 10:00 a.m.

When the matter was called for hearing at the time indicated, the court called counsel's attention to the fact that the bond filed on June 28, 1962, at 3:45 p.m., had neither been properly executed nor approved, whereupon said hearing was continued until July 2, 1962, at 10:00 a.m.

On the last mentioned date, testimony was taken. It would now appear that the bond has been signed by both sureties. However, the signature of the plaintiff-principal has not been affixed thereto by her. Her signature has been supplied by the so-called "guardian ad litem" who signed for her. Plaintiff has testified that she is a minor.

Pennsylvania Rule of Civil Procedure 1531(b)(1) provides inter alia that a preliminary or special injunction shall be granted only if plaintiff files a bond in an amount fixed and with security approved by the court. Our examination of the instrument now tendered as a bond would indicate that it lacks certain essential elements necessary to the validity of instruments of that character. In the first place, the plaintiff-principal herself has not signed the bond. We are of the opinion that her signature is required. Signing by the so-called "guardian ad litem" on her behalf cannot have the effect of supplying the signature of plaintiff herself in the absence of some proof as to the authority of the one so signing.

More important, however, we deem the failure of the instrument offered to be sealed, even though it recites that it is so sealed, to be a deficiency in its execution, which renders it without validity. In Commonwealth, for use, v. Perry, 330 Pa. 355, 358 (1938), it was held that a bond is a sealed instrument. " 'Although in the body of a writing it is said that the parties have set their hands and seals, it is not a bond unless it has been *actually sealed* and delivered.' " (Italics supplied.) See also Huron Leather Co., Ltd. v. Sklar, 101 Pa. Superior Ct. 534 (1931).

Since no bond has been filed in this case as required by the Rule of Civil Procedure cited above, no injunction could issue until that requirement had been accomplished: Zeigenfuse v. Boltz, 401 Pa. 365 (1960). Inasmuch as there is no valid injunction outstanding, we enter the following

*Order*

And now, to wit, July 2, 1962, the order heretofore entered on June 25, 1962, is hereby revoked and rescinded without prejudice to plaintiff to take such further appropriate action as she may deem proper.