COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS-PORTATION, Appellant,

v.

Troy BEAM.

Commonwealth Court of Pennsylvania.

Argued May 17, 2000.

Decided June 20, 2000.

Reconsideration Denied Aug. 25, 2000.

Steven I. Roth, Harrisburg, for appellant.

Lee A. Stivale, Springfield, for appellee.

Before SMITH, Judge, PELLEGRINI, Judge, and RODGERS, Senior Judge.

PELLEGRINI, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from the order of the Court of Common Pleas of Cumberland County (trial court) granting summary judgment to Troy Beam (Beam) and dismissing its complaint to enjoin Beam from operating an unlicensed airport.

The Department filed a complaint in equity seeking to enjoin Beam because he was purportedly operating an "airport"[1] without a license as required by 67 Pa. Code § 471.3.[2]  Following a hearing on the preliminary injunction, the trial court determined that the area of Beam's property used as a runway and for housing of his airplane constituted a private airport under the Aviation Code requiring it to be licensed.  However, because nowhere in the Aviation Code is the Department given the authority to enjoin the operation of an unlicensed private airport, the trial court concluded that the Department did not have a right to seek an injunction nor did it have the right to grant one and denied its request.  On cross-motions for summary judgment, the trial court reiterated that the Department did not have the statutory authority to seek injunctive relief and, therefore, granted summary judgment to Beam and dismissed the Department's complaint.  This appeal followed.[3]

The Department contends that the trial court erred in holding that it could not invoke the court's equity jurisdiction to enjoin the operation of an unlicensed airport because there was no express statutory language granting it authority to seek such relief.[4]  In general, a court's equitable jurisdiction can be inferred under the traditional powers of the court to prevent or restrain "the commission or continuance of acts contrary to law and prejudicial to the interests of the community, or rights of individuals."[5]  *Zeigenfuse v. Boltz*, 401 Pa. 365, 372, 164 A.2d 663, 667 (1960) (citations omitted); *Board of Directors of*

---

**1.** The Aviation Code, 74 Pa.C.S. § 5102, defines "Airport" as:

Any area of land or water which is used, or intended to be used, for the landing and takeoff of aircraft and any appurtenant areas which are used, or intended to be used, for airport buildings or air navigation facilities or rights-of-way, together with all airport buildings and facilities thereon.  Unless indicated otherwise, airport shall include heliports and public airports.

**2.** 67 Pa.Code § 471.3 provides for airport licensing and requires, in relevant part, that "[n]o person may establish, maintain or operate an airport, nor conduct flight operations at an airport, unless authorized to do so by the Bureau."

**3.** Our scope of review of the trial court's grant of summary judgment is limited to determining whether the court abused its discretion or made errors of law. *East Lampeter Township v. County of Lancaster, Human Relations Commission,* 744 A.2d 359 (Pa.

Cmwlth.2000).  A court may grant summary judgment only where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law. *Id.,* 744 A.2d at 363.

**4.** Beam raises in his brief the argument that the trial court erred in concluding that his private airport must be licensed under the Aviation Code and the Department's regulations.  Because of the way we have resolved this case, we need not address that issue.

**5.** Act of June 16, 1836, P.L. 784 § 13, paragraph V, made general as to the courts of common pleas throughout the commonwealth by the Act of February 14, 1857, P.L. 39, repealed by the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §§ 20001–20004, replaced by 42 Pa.C.S. § 931(a) which now provides in relevant part that: "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas."

*Palmyra Area School Dist. v. Palmyra Area Educ. Ass'n,* 165 Pa.Cmwlth. 137, 644 A.2d 267 (1994). Though a court may have equitable jurisdiction, that does not necessarily mean that it can issue an injunction to enjoin a violation of a statute.

■ For example, in a doctrine akin to equity not being available where there are adequate administrative remedies, equitable relief is not available where the General Assembly has established a statutory scheme for enforcement that does not provide for equitable remedies. In *Commonwealth v. Glen Alden Corporation,* 418 Pa. 57, 210 A.2d 256 (1965), our Supreme Court addressed whether equity could enjoin a violation of the Air Pollution Control Act of 1960, Act of January 8, 1960, P.L. 2119, 35 P.S. §§ 4001–4015. In holding that equity had no jurisdiction to inquire into a controversy where it would obviate a statutory procedure provided by the legislature for its resolution, it stated:

> But we have frequently decided that equity has no jurisdiction to inquire into a controversy where to do so would obviate a statutory procedure provided by the Legislature for its resolution. See, e.g., *Taylor v. Moore,* 303 Pa. 469, 154 A. 799 (1931). This salutary result is dictated by the Act of March 21, 1806, P.L. 60 558, 4 Sm.L. 326, S 13, 46 P.S. § 156, which provides that '[i]n all cases where a remedy is provided, * * * or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued * * *.' Accordingly, if the Air Pollution Act, supra, provides a framework for the resolution of the problem involved in Commonwealth's complaint equity may not inquire into the dispute, notwithstanding the fact that the complaint may state a cause of action in public nuisance, traditionally cognizable in equity.[6]

*See also City of Philadelphia v. Franklin Smelting and Refining Company,* 3 Pa. Cmwlth. 626, 284 A.2d 339 (1971).

■ While equity may not be pursued where the General Assembly has provided statutory direction as to the method to be used to enforce the statute, nowhere in the Act is there a statutory procedure that would be obviated; nothing in the Aviation Code provides a specific ·administrative procedure or makes it an offense for an airport owner not to obtain a license. The question then becomes even though the court is not precluded from exercising its equitable jurisdiction to hear the matter, whether the Department has the authority to bring an equitable action where it is not specifically authorized to do so in the statute that it is charged to enforce.

■ An agency charged with administration of a statute can only act within the strict and exact limits defined in that statute and when seeking to enforce compliance with the statute or regulations, that authority must be explicitly granted. *Pennsylvania Human Relations Commission v. St. Joe Minerals Corp.,* 476 Pa. 302, 382 A.2d 731 (1978); *United Artists' Theater Circuit, Inc. v. City of Philadelphia* 535 Pa. 370, 635 A.2d 612 (1993). The authority given by the General Assembly to the Department to carry out its duties is contained in 74 Pa.C.S. § 5301 that gives the Department the specific power to license airports and provides that the Department "shall administer the [Acts] provisions ... and, for that purpose, shall promulgate and enforce regulations as necessary to execute the powers vested in it by this part and other laws relating to aviation, airports and air safety within this Commonwealth." Assuming that under this grant of power it can give itself the authority to seek injunctive relief, the Department has never implemented that authority by promulgating regulations estab-

---

6. *Glen Alden Corporation,* 210 A.2d at 258. In *Glen Alden Corporation,* the procedure that precluded the court from exercising equity

jurisdiction in the Air Pollution Control Act, a detailed administrative compliance scheme.

lishing a regulatory enforcement scheme including the ability to seek injunctive relief when an owner refuses to apply for a license. Because the General Assembly has not explicitly given it the power and not having promulgated an implementing regulation giving it the authority to seek injunctive relief, as the trial court found, the Department is precluded from bringing this action.

Accordingly, the trial court's order dismissing the Department's complaint is affirmed.

## ORDER

AND NOW, this 20th day of June, 2000, the order of the Court of Common Pleas of Cumberland County, entered December 3, 1999, at docket number 99-3121, is affirmed.

Judge SMITH dissents.