## Rose Uniforms, Inc. *v.* Lobel, Appellant.

Argued May 24, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*John F. McElvenny,* with him *Norman Shigon,* for appellant.

*Samuel Rappaport,* with him *Rappaport & Lagakos,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 25, 1962:

Appellee, on February 4, 1962, filed a complaint in equity seeking, inter alia, an injunction prohibiting appellant from soliciting business in certain areas in and around Philadelphia. Appellee alleged that appellant was breaching the "no competition" clause of a con-

tract under which appellee had formerly employed appellant.

On February 20, 1962, the court below issued a rule directed to appellant to show cause why a preliminary injunction should not issue against him; the rule was made returnable February 26, 1962. The rule was duly served on appellant who filed an answer to appellee's petition for preliminary injunction, new matter with regard thereto and preliminary objections to the complaint in equity.

The court below held hearings on the rule and took testimony on March 8, 9 and 16, 1962. As a result of such hearings and testimony, the court, on March 16, 1962, entered the following order: "AND NOW, this 16th day of March, 1962, upon consideration of Petition for Preliminary Injunction, the Answer thereto, the Complaint and Testimony, and on Motion of Samuel Rappaport, Esq., attorney for Plaintiff, it is ORDERED and DECREED as follows: That HARRY LOBEL cease to engage in the sale, directly or indirectly, of uniforms or uniform accessories or both to employees of the United States Post Office in an area composed of the Counties of Philadelphia, Bucks, Montgomery and Delaware in the Commonwealth of Pennsylvania, and the County of Camden in the State of New Jersey, until further Order of this Court, but, in no event shall this preliminary injunction be in force after January 19, 1964."

It must be noted that the order purported to prohibit appellant's participation in certain activities from its date until January 19, 1964, and that no security is set. On March 20, 1962, the court below added to the end of the above quoted order of March 16, 1962, the following words: "Security fixed at $1,000.00." Again it must be noted that the order, as modified by the last quoted addition, purports to be a preliminary injunction and does not indicate that an injunction will issue upon furnishing of security.

On March 23, 1962, appellant appealed from the order of the court below and we issued a writ of certiorari. Subsequently, on March 27, 1962, an injunction bond in the sum of $1,000.00 was filed and approved by the court below. The docket next indicates that on March 28, 1963, "Special Injunction Issued", but no injunction other than the one signed on March 16, appears in the record.

Appellee has filed, in this court, a "motion to dismiss and quash appeal", on the ground that the appeal was taken prematurely, having been made on March 23, and the injunction not having issued until March 28. We ordered this motion to be heard at the time of oral argument on the merits and it is before us together with the appeal. This motion must be denied. A careful review of the record discloses that what purports to be the preliminary injunction in this case was granted on March 16, 1962, not on March 28, 1962. That the court below believed it had granted a preliminary injunction on March 16, is plainly evidenced by the statement of that court made on March 23, 1962, as follows: "THE COURT: In this case, the Order of Court *granting the preliminary injunction* was signed by the Court, GLEESON, J., on the 16th day of March, 1962.

"The Order presented to the Court did not have any provision for the fixing of security. The Court added some writing to the form presented by the plaintiff, to-wit, 'but in no event shall this *Preliminary Injunction* be enforced after January 19, 1964.'

"The Court, on the 16th day of March, 1962, at the time of signing said *injunctive order*, did not, itself, fix security. The 16th of March, 1962, was a Friday, and, over the week end, the Court recognized the fact that no provision for security was made in the said Order. Accordingly, on March 20, 1962, the Court added to the decree: 'Security fixed at $1,000.00.'

"Accordingly, the *injunctive order* does now contain a provision for security to be entered by the plaintiff

in accordance with the Pennsylvania Rules of Civil Procedure, No. 1531." (Emphasis supplied). We conclude that the appeal is not premature and appellee's "motion to dismiss and quash appeal" is denied.

As to the appeal, we must, without reference to the merits of the controversy between the parties arising out of the employment contract which forms the basis of the action in equity, reverse and set aside the decree of the court below. As previously stated, the court below granted a preliminary injunction without fixing security. Subsequently, it did fix security but such security was not posted until after the injunction had been entered and this appeal taken. The court below was without power to grant the preliminary injunction in the outlined fashion.

Rule 1531(b), Pa. R. C. P. provides: "(b) Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction shall be granted only if (1) the plaintiff files a bond in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees, or (2) the plaintiff deposits with the prothonotary legal tender of the United States in an amount fixed by the court to be held by the prothonotary upon the same condition as provided for the injunction bond." In *Surco Products, Inc. v. Kieszek,* 367 Pa. 516, 80 A. 2d 842 (1951), we quoted with approval the language of *Baur v. Wilkes-Barre Light Co.,* 259 Pa. 117, 102 A. 430 (1917), as follows: "As we have frequently held, the equity rules, promulgated by this court . . . have the

force of statutory enactments and must be strictly complied with." Here there was no strict compliance with the equity rules, specifically, a preliminary injunction was granted without the filing of bond. In *Surco*, Mr. Justice, now Chief Justice, BELL states, at page 522, "It appears from appellee's paper book that after an appeal was taken to this court, appellee, at some unstated time, furnished a bond in the sum of $5,000, which was approved by the court below. The lower court was utterly without power to enter the injunction and its error cannot be corrected or cured after an appeal has been made to this court". In the case at Bar, we know when the bond was furnished and approved, but both events having occurred after the grant of the injunction and the appeal to this court therefrom, the furnishing of the bond did not correct the error of the court below.

The instant case must be distinguished from *Zeigenfuse v. Boltz*, 401 Pa. 365, 164 A. 2d 663 (1960). In that case, the court made absolute a rule for a preliminary injunction and ordered that the injunction should issue upon filing of bond as fixed by the court. The defendant appealed prior to the posting of the required bond, hence prior to the issuance of the injunction. We held that the order making absolute the rule for a preliminary injunction and directing that such injunction *shall* issue, was interlocutory and not appealable. We further held that the appeal was premature, having been made before the issuance of the preliminary injunction. In the instant case, there is no such interlocutory order and the appeal was made *after* what purports to be a preliminary injunction was granted, albeit prior to the filing of bond.

Decree reversed at cost of appellee.