Mamula *v.* United Steelworkers of America, Appellant.

Argued September 26, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*James Craig Kuhn, Jr.*, with him *Ernest G. Nassar, Arnold D. Wilner*, and *Wilner, Wilner and Kuhn*, for appellant.

*Harry Alan Sherman*, for appellee.

OPINION BY MR. JUSTICE COHEN, November 13, 1962:

This is an appeal from a decree granting a preliminary injunction to Nicholas Mamula, appellee, ordering the appellant, United Steelworkers of America, through its appropriate officers and representatives to postpone an election of officers of Local Union 1211.

The decree, granted at approximately 9:00 p.m., June 18, 1962, required that the preliminary injunction issue "forthwith" and stated that "this order of preliminary injunction . . . be effective immediately." The court also decreed that the appellant furnish a bond of $1,000 "within forty-eight hours." Immediately thereafter the appellant appealed the grant of the preliminary injunction to our court and obtained a supersedeas.

Mamula was elected president of the Aliquippa, Beaver County Local in 1960, and served in that capacity until his removal for misconduct in office on July 20, 1961 by a Trial Committee of the Local specially selected to preside over the disciplinary proceedings. At that trial and on appeal to the International Executive Board Mamula vigorously contended, inter alia, that he was not accorded a fair trial, that the procedures set forth in the union constitution were not complied with, and that he was the victim of a conspiracy to oust him by officers of the International who disagreed with his policies. The International Executive Board in affirming some of the findings and reversing others declared Mamula ineligible to hold any office in the union until July 20, 1966. It is not necessary to examine the merits of Mamula's allegations of an unfair trial since they are not material to our disposition of this case.

The procedural steps in this case have been presented in detail since our decision ultimately hinges upon the propriety of the procedure appellee followed.[1]

Equity Rule 1531(b) of the Pa. R. C. P. requires that a bond be filed before a preliminary injunction shall issue. We have said repeatedly that the equity rules promulgated by this court have the force of a statute and must be strictly complied with. *Rose Uni-*

---

[1] Prior to bringing this action, Mamula brought two actions in the Federal District Court under Title I, §101(a)(5), 29 U.S.C. §411(a)(5) of the Landrum-Griffin Act to enjoin the election for Local officers and district directors respectively. These proceedings were eventually dismissed for lack of jurisdiction.

In the suit to enjoin the election for district director, the lower court at first denied the request for an injunction and permitted the election to be held. The matter was then given a full hearing, and thereafter the district court entered an order setting the election aside. On appeal to the Court of Appeals this decision was reversed. *Mamula v. United Steelworkers of America*, 304 F. 2d 108 (3d Cir. 1962), cert. denied, 371 U. S. 823 (1962).

*forms v. Lobel,* 408 Pa. 421, 184 A. 2d 261 (1962);
*Baur v. Wilkes-Barre Light Co.,* 259 Pa. 117, 102 Atl.
430 (1917).

The injunction decree issued in the case before us
was issued *"forthwith"* to forestall the election sched-
uled nine and a half hours later. (Emphasis supplied)
The decree—unfortunately for appellee—contained the
proviso that bond was to be furnished "within forty-
eight hours." In fact, the filing of a bond could be
delayed until after the election had been enjoined. The
injunction, therefore, was issued without the filing of
a bond and hence was a nullity. No power resided in
the court below to issue an injunction where the party
applying for it had not filed an appropriate bond.

In a series of recent cases we have invalidated in-
junction decrees which were not accompanied by the
proper filing of bond. *Rose Uniforms v. Lobel,* supra,
408 Pa. 421, 184 A. 2d 261 (1962); *Surco Products,
Inc. v. Kieszek,* 367 Pa. 516, 80 A. 2d 842 (1951). We
hope that these cases emphasize both to the Bench and
Bar the necessity of filing a bond contemporaneously
with the issuance of an injunction. Hence, we must
vacate the order of the court below for lack of juris-
diction.

There is present, however, in this case an addition-
al jurisdictional problem which requires our attention.
Even though the supersedeas we granted permitted the
election to continue, we cannot ignore the preemption
of our jurisdiction by Title IV, §402, 29 U.S.C. §482
of the Landrum-Griffin Act.

Where the Congress of the United States enacts a
comprehensive statute which is intended to occupy the
field, the Supremacy Clause of the United States Con-
stitution requires that the state legislature and judi-
ciary defer to the superior command of Congress. This
doctrine is particularly applicable in the area of labor
law which is covered in detail by numerous compre-

hensive federal statutes. E.g., *Terrizzi Beverage Company v. Local Union No. 830*, 408 Pa. 380, 184 A. 2d 243 (1962); *Navios Corporation v. National Maritime Union of America*, 402 Pa. 325, 166 A. 2d 625 (1960); *Wax v. International Mailers Union*, 400 Pa. 173, 161 A. 2d 603 (1960). The United States Court of Appeals for the Third Circuit, in a companion to the present case, recently held that Title IV, §402, 29 U.S.C. §482 of the Landrum-Griffin Act "governs the procedures for nominating and electing officers and sets forth exclusive remedies for violations of these procedures." *Mamula v. United Steelworkers of America*, supra, 304 F. 2d 108, 109 (3d Cir. 1962). Although the issue of federal-state relations was not before it, the court indicated that once an election has taken place an aggrieved member *must* follow the procedures and remedies prescribed in Title IV of the Act.[2] *Mamula v. United Steelworkers of America*, 304 F. 2d 108, 112, n.19 (3d Cir. 1962). In fact, the express congressional mandate contained in Title IV provides that "[t]he remedy provided by this sub-chapter for challenging an election *already conducted* shall be exclusive." Title IV, §403, 29 U.S.C. §483. (Emphasis supplied) Aside from the express language of the statute, the great detail and comprehensiveness of Title IV indicates that Congress intended to occupy the field.

Thus, even though we have attempted to preserve our jurisdiction over this matter by stating in the supersedeas we granted that the cause of action would not be moot, the fact that the election has been held deprives us of the power to hear this action.

---

[2] I.e., the member must first exhaust the remedies provided by the union's constitution and by-laws and upon failure to obtain satisfaction within the union he may appeal to the Secretary of Labor who would in turn institute a complaint in the federal district court if he felt a violation had been made out.

In view of the aforesaid holdings, it is not necessary to dispose of appellant's contention that the appellee has failed to join the Local and its officers as indispensable parties. It should be noted in passing, however, that several cases point strongly toward the necessity of joining the Local and its officers. See *Gray v. Reuther*, 201 F. 2d 54 (6th Cir. 1952) ; *Hutcheson v. Hanson*, 121 Ind. App. 546, 98 N.E. 2d 688 (1951).

Decree reversed, at appellant's cost.

Mr. Chief Justice BELL concurs in the result.