**8**

Edwin B. MANN, Beryl M. Dixon, Samuel
C. Biddle, Samuel Reese, and Harry
Feaster, Plaintiffs,

v.

George RUBLE, Individually and as Presi-
dent of Painters & Glaziers District
Council 51, Harry Rusche, Individually
and as Secretary-Treasurer of Painters
& Glaziers District Council 51, Francis
Ward, Individually and as Business
Agent of Painters & Glaziers District
Council 51, John T. Lyon, Individually
and as Business Agent of Painters &
Glaziers District Council 51, R. C. Low-
ry, Individually and as Business Agent
of Painters & Glaziers District Council
51 and Painters and Glaziers District
Council 51, Defendants.

Civ. A. No. 7–66.

United States District Court
District of Columbia.

Feb. 23, 1966.

Warren Woods, Washington, D. C., for
plaintiffs.

John J. McBurney and James F. Car-
roll, Washington, D. C., for defendants.

GASCH, District Judge.

This cause came on for hearing on de-
fendants' motion to dismiss. The com-
plaint recites, among other things, that
plaintiff, a union member, seeks to ex-
amine the books of the union pursuant to
the provisions of 29 U.S.C. § 431(c).
This point is conceded by defendant, and
it is agreed that plaintiff may examine
the union books.

The second point presented is plain-
tiffs' effort to have two union officials
declared ineligible to hold their present
offices in the union because of felony
convictions. The by-laws of the union
are so drawn that those convicted of
felonies are not eligible to hold union of-
fice.

On this second point, the defendants
rely upon the provisions of the Landrum-
Griffin Act, the pertinent provisions of
which are codified as 29 U.S.C. §§ 481–
483. The statutory scheme therein set
forth requires such issues to be submitted
to the union with the provision that if no
action is taken by the union within three
(3) months, that the matter thereafter be
presented to the Secretary of Labor for
his determination. Only after this ad-
ministrative remedy has been exhausted
may there be consideration by the courts.
Congress clearly intended that the courts

should be without jurisdiction in such matters prior to such determination.

When these matters were raised by the Court *sua sponte,* counsel for the union offered the following suggestion: That submission of the matter to the union be renewed and plaintiffs be given three (3) months from this date to present their case to the union before being required to present the case to the Secretary for his consideration, it appearing that the time within which the matter might be presented without this stipulation was about to expire.

Counsel for the plaintiffs thereupon conceded that the Court's reservation about jurisdiction might be well founded if this were a Federal District Court other than the United States District Court for the District of Columbia, but he pointed out that this Court is unique in that it has the characteristics, attributes and powers both of Federal and state courts. He, therefore, contended that the limitations imposed by 29 U.S.C. § 483, particularly the last sentence thereof, is inapplicable.

The Court has carefully considered this argument and concludes that the doctrine of Federal pre-emption precludes its acceptance.

In Mamula v. United Steelworkers of America, 304 F.2d 108 (3rd Cir. 1962), cert. denied 371 U.S. 823, 83 S.Ct. 42, 9 L.Ed.2d 63 (1962), plaintiff sought relief under the Landrum-Griffin Act against his union. The Third Circuit held that plaintiff lacked standing to sue by reason of the exclusive remedy provided by addressing his complaints to the Secretary of Labor. Thereafter, in Mamula v. United Steelworkers of America, 409 Pa. 175, 185 A.2d 595 (1962), plaintiff sought relief under the equity powers of the state court. The Supreme Court of Pennsylvania held that the doctrine of Federal pre-emption precluded such relief.

Clearly, it would be premature for the Court under these circumstances to do more than accept the suggestion of defendants' counsel and to hold this matter in abeyance and thereby to afford the parties an opportunity to renew their efforts to resolve this issue in accordance with the by-laws of the union and thereafter, if the matter cannot be properly resolved, to take the matter up with the Secretary of Labor as provided in the Landrum-Griffin Act.

Counsel will prepare an appropriate order.