**Vann v. McEntee**

*Ronald McCaskill,* for plaintiff.
*Richard Kirschner,* for defendants.

HIRSH, J., October 4, 1971.—This matter is before the court on defendants' preliminary objections to plaintiffs' complaint in equity wherein plaintiffs seek to enjoin a scheduled new election to the office of president of the Philadelphia Municipal Hospital Employes, Local 488, which is affiliated with the American Federation of State, County and Municipal Employes, AFL-CIO.

Defendants enumerated five separate preliminary objections and prayed that the complaint in equity be dismissed. We agreed that the complaint should be dismissed on the basis of preliminary objection no. 2

which challenged this court's jurisdiction over the subject matter of the action. Defendants contend that exclusive jurisdiction to contest the validity or propriety of an election for union office rests with the Secretary of Labor in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of September 14, 1959, 29 USC §401, et seq.

The Supreme Court of Pennsylvania in discussing the preemption of its jurisdiction by the Secretary of Labor under the aforementioned act stated:

"There is present, however, in this case an additional jurisdictional problem which requires our attention. Even though the supersedeas we granted permitted the election to continue, we cannot ignore the preemption of our jurisdiction by Title IV, §402, 29 U.S.C. §482 of the Landrum-Griffin Act.

"Where the Congress of the United States enacts a comprehensive statute which is intended to occupy the field, the Supremacy Clause of the United States Constitution requires that the state legislature and judiciary defer to the superior command of Congress. This doctrine is particularly applicable in the area of labor law which is covered in detail by numerous comprehensive federal statutes. . . . Aside from the express language of the statute, the great detail and comprehensiveness of Title IV indicates that Congress intended to occupy the field": Mamula v. United Steelworkers of America, 409 Pa. 175, 178-179 (1962).

While the discussion in Mamula dealt with an election which had already been held, we are of the opinion that the reasoning of the court applies equally to preelection as well as postelection efforts to invoke judicial interference with union elections.

Plaintiffs argue that "they fit within an exclusion in the Federal Act covering employees . . . of the

United States or any corporation wholly owned by the government of the United States or any state or political sub-division thereof ": 29 U.S.C. §402(e). Because as stated above, it has been consistently held that the great detail and comprehensiveness of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §401, et seq., clearly indicates that Congress intended to occupy the field, we conclude that plaintiffs must proceed under the said act and can have recourse to this court only in the event the Secretary of Labor determines that he lacks jurisdiction.

Accordingly, it is hereby ordered that the order allowing preliminary injunction without hearing entered July 15, 1971, shall be and is hereby dissolved and the complaint in equity dismissed.