OLSZEWSKI, Judge.
This is an appeal from an order granting a preliminary injunction. Peter Kuiros, Lisa Kuiros, and Kenneth Kuiros, t/d/b/a Kopper Kettle Fudge Factory, and Jeffrey Kuiros (collectively, the Kuiros defendants) were ordered to cease using the secret formula, receipts, methods and techniques of Goodies Olde Fashion Fudge Co. (Goodies) and to refrain from soliciting or contacting Goodies’ customers. The Kuiros defendants appeal, claiming that the preliminary injunction is defective because Goodies has failed to post a bond as required by Pa.R.Civ.P. 1531(b). Alternatively, the Kuiros defendants argue that the covenant not to compete which is the foundation of the injunction is unenforceable because it is unrestricted as to time and area, or it lacks consideration as it was not executed ancillary to the inception of employment. The Kuiros defendants also challenge the sufficiency of Goodies’ evidence of irreparable harm. In a last-ditch effort to partially vacate the injunction, the Kuiros defendants claim that the injunction should only apply to Peter Kuiros as he was the only defendant employed by Goodies and, consequently, the only defendant to sign a covenant not to compete.
*497 Goodies requests that we quash this appeal as interlocutory. The essence of Goodies’ argument is that the injunction, by its express terms, does not become effective until the bond has been posted. As Goodies has not posted the bond, the injunction does not yet exist. Thus, Goodies argues that there is no final order before this Court. Having reviewed the arguments of the parties, we vacate the injunction, as it has been granted without the posting of the bond required by Pa.R.Civ.P. 1531(b).
The substance of the order at issue here provides as follows:
AND NOW, to-wit, this 2nd day of November, 1990, the defendants are hereby enjoined from:
1. Using the secret formula, receipts, methods, and techniques in the manufacturing of fudge and related candy products; and
2. Soliciting or otherwise contacting any of plaintiff’s customers whose identity or business relationship with plaintiff became known to the defendants through any one of the defendants employment relationship with the plaintiff.
This injunction to take effect upon the plaintiff posting a bond in the sum of twenty thousand dollars ($20,000.00), sec. leg. et sec. reg.
It is undisputed that Goodies has not posted the bond as required by the order.
Initially, we examine Goodies’ argument that the failure to post the bond renders this order unappealable. We note that by statute and rule, preliminary injunctions, while interlocutory, are appealable as of right. See, Pa.R.A.P. 311(a)(4), 42 Pa.C.S.A., implementing 42 Pa.C.S.A. § 5105(c). In recognition of these provisions, Goodies argues that the order in question is not, in and of itself, a preliminary injunction, because it provides that injunction will take effect upon posting of the bond. While enjoying the semantical sophistry presented by this argument, we cannot agree.
*498 Goodies relies upon Zeigenfuse v. Boltz, 401 Pa. 365, 164 A.2d 663 (1960), and Terrizzi Beverage Co. v. Local Union 830, 408 Pa. 380, 184 A.2d 243 (1962), as supporting its argument that the order at issue is not appealable. We find both cases distinguishable. Goodies cites us to the following passage in Zeigenfuse:
... where, as here, the court does no more than make absolute a rule for a preliminary injunction and directs that such injunction shall issue, it is the carrying out of the order by the issuance of the injunction that becomes appealable.
(Appellee’s brief at 10, quoting Zeigenfuse, supra, 401 Pa. at 371, 164 A.2d at 666). We believe the more relevant portions of the Zeigenfuse opinion are as follows:
[following argument on preliminary objections to the complaint] ... the court ... entered the following order: “The preliminary objections are dismissed; the rule is made absolute. The preliminary injunction shall issue.”
Ordinarily, the decree of a court awarding the injunction delineates and defines the enjoining mandate, and, thus, constitutes the injunction which is required to be secured by bond.
Id. This language, which precedes the passage quoted by Goodies, dooms the argument that this order is not a preliminary injunction.
Rather than merely making absolute the rule for the preliminary objection, the order at issue here, as quoted above, clearly enumerates which activities are prohibited and states that “the defendants are hereby enjoined.” Thus, it delineates and defines the enjoining mandate. More importantly, no further order of the trial court is necessary. Goodies need not return to the trial court after posting the bond and request that the language of the order at issue here be repeated in a subsequent order. This order is self-executing upon posting of the bond and constitutes a preliminary injunction. Therefore, it is appealable under *499 Pa.R.A.P., Rule 311(a)(4).[1] See, Rose Uniforms, Inc. v. Lobel, 408 Pa. 421, 424, 184 A.2d 261, 263 (1962) (distinguishing the order declared unappealable in Zeigenfuse from an order which purports to grant a preliminary injunction).
We also find Terrizzi distinguishable. There our Supreme Court found that the trial court did not have jurisdiction in the dispute due to the exclusive jurisdiction of the National Labor Relations Board under the Taft-Hartley Act of 1947. Terrizzi, supra, 408 Pa. at 383, 184 A.2d at 245. Absent jurisdiction, the trial court could not enter a valid order. Our Supreme Court noted that the order at issue also dismissed the defendants’ preliminary objections; such an order is appealable. Thus, any discussion of the appealability of the injunctive portion of that order is dicta.
The Kuiros defendants argue that a preliminary injunction issued without the posting of a bond is a nullity. “The failure of the trial court to require the posting of a bond to secure a preliminary injunction as required by Pa. R.Civ.P. 1531(b) is a fatal defect requiring an appellate court to vacate the injunction.” Soja v. Factoryville Sportsmen’s Club, 361 Pa.Super. 473, 478, 522 A.2d 1129, 1131 (1987) (emphasis added). Such relief must be granted even if the injunction is otherwise proper. Id. See also, Lawrence County v. Brenner, 135 Pa.Cmwlth. 619, 630, 582 A.2d 79, 84 (1990); Christo v. Tuscany Inc., 308 Pa.Super. 564, 567, 454 A.2d 1042, 1044 (1982); Rosenzweig v. *500 Factor, 457 Pa. 492, 494, 327 A.2d 36, 38 (1974); Surco Products, Inc. v. Kieszek, 367 Pa. 516, 519, 80 A.2d 842, 844 (1951). These cases, while instructive, are not truly on point. Here, we are not presented with the failure of a trial court to require that a plaintiff post bond; rather, we are faced with plaintiffs failure to comply with the trial court’s order that bond be posted.
A slightly different procedural defect is presented in Mamula v. United Steelworkers of America, 409 Pa. 175, 185 A.2d 595 (1962). There the trial court entered a preliminary injunction effective immediately, postponing a union election scheduled nine and one-half hours later and requiring the posting of a bond within 48 hours. In vacating the injunction, our Supreme Court noted that the injunction was effective immediately without the protection of the bond, and that the filing of the bond could be delayed until after the election had been enjoined. Id., 409 Pa. at 177,185 A.2d at 597. Again, this is not directly on point because the order at issue here states that the injunction is not effective until the bond is posted.
Yet another factual scenario occurred in Rose Uniforms, supra. There the preliminary injunction issued without a bond being required. The order was subsequently amended to require the posting of a bond, and an appeal was taken. After the filing of the appeal, the plaintiff posted the bond required by the amended order. In vacating the injunction, our Supreme Court stated “we know when the bond was furnished and approved, but both events having occurred after the grant of the injunction and the appeal to this court therefrom, the furnishing of the bond did not correct the error of the court below.” Id., 408 Pa. at 425, 184 A.2d at 263. This, too, is not directly on point because the trial court erroneously entered an injunction effective immediately without the requirement of a bond. In the case sub judice, there was no error which the trial court corrected by amending the order.
Thus, we are faced with what appears to be a unique factual scenario in an area often visited by the courts of *501 this Commonwealth. Of what effect is an order, purporting to be a preliminary injunction, which by its own terms does not become effective until the required bond is posted, when the plaintiff fails to post the required bond before an appeal is taken? We hold today that the policy expressed in the above-cited cases as well as in Pa.R.Civ.P. 1531(b) requires that such an order be vacated.
It must be remembered that a preliminary injunction is a most extraordinary form of relief which is to be granted only in the most compelling cases. Soja, supra, 361 Pa.Superior Ct. at 475, 522 A.2d at 1129. The requirement of a bond exists for the specific purpose of protecting a defendant by supplying a fund to pay damages if this relief is granted erroneously. Christo, supra, 308 Pa.Superior Ct. at 567, 454 A.2d at 1044. A unifying theme running throughout the cases cited above is concern that the defendant subject to the injunction has this protection. As noted above, this type of injunction, effective when the bond is posted but not specifying a date by which this must occur, places the defendant in a serious quandary. Uncertain as to when the plaintiff will post the bond and so make the self-executing order effective, a defendant must abide by the terms of the injunction without the protection of the bond or engage in the prohibited activities at the risk of a contempt citation.
Moreover, a defendant subject to such an order is caught between a procedural Scylla and Charybdis. An appeal must be filed within 30 days of the entry of the order appealed from. Pa.R.A.P. 903(a), 42 Pa.C.S.A. In civil cases, the date of the entry of an order is the date the docket is noted that notice of the order has been given to the parties. Pa.R.A.P. 108(b), 42 Pa.C.S.A. Were we to adopt the construction urged by Goodies, a plaintiff could wait thirty-one days to post the required bond. Thus, any timely appeal filed by the defendant would be quashed as interlocutory, and any appeal filed after the posting of the bond could be quashed as untimely. This would, in effect, create a species of preliminary injunction essentially unappealable to this Court. We decline to authorize this unwise *502 practice. Therefore, we hold that the trial judge should automatically fix a time within which bond must be posted by the injunction-seeking plaintiff. If no bond is posted by the date set, the injunction will be automatically dissolved, and no appeal need be taken by the defendant.
We now apply the rule to the facts of this case. At argument, Goodies claimed that financial difficulties led to the failure to post a bond. The order granting the injunction was entered November 2, 1990. At no time in the intervening nine and one-half months has Goodies filed the bond. Goodies’ explanation of the failure actually provides weight to the Kuiros defendants’ argument. If Goodies is without the wherewithal to post the bond, they are unlikely to possess sufficient resources for any damages awarded if defendants comply with the order and the injunction is later determined to have issued in error. It is precisely this situation which the Rules mean to prevent by requiring the posting of a bond. Thus, we find that Goodies has not posted the bond according to the trial court’s order and vacate the order at issue. Accordingly, we need not engage in obiter dicta as to the other issues presented by the Kuiros defendants’ appeal.
Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

. Sound policy reasons also argue against the position taken by Goodies. Were we to accept the argument that an order such as this is not appealable until the bond is posted, we would place the defendant subject to its terms in an untenable position. Plaintiff would be free to post the bond at any time, immediately bringing the injunction into effect. Thus, defendant is presented with the choice of risking a contempt citation for violating an injunction by engaging in the prohibited conduct, or abiding by the terms of the order without the protection of the bond which acts as security. The plaintiff could thus obtain the benefit of the preliminary injunction without posting a bond, a clear violation of the spirit of Pa.R.Civ.P. 1531(b). Such a course of conduct would also vitiate Pa.R.A.P. 311(a)(4) by creating a type of preliminary injunction which could not be reviewed by this Court. This we will not do.