**Jessica Metta DOWNS, a Minor by Her Guardian, Carolyn R. DOWNS and Carolyn R. Downs, Individually, Appellees**

v.

**Philip J. SMYTHE, Sr., and Philip J. Smythe, Jr., and Christine Smythe, husband and wife.**

**Appeal of Philip J. SMYTHE, Sr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1997.

Filed Oct. 22, 1997.

---

Philip J. Smythe, Sr., appellant, pro se.

Boyd A. England, Doylestown, for appellees.

Before DEL SOLE and SAYLOR, JJ., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus:

This is an appeal from an order denying appellant's motion to vacate and nullify previous injunctions issued against appellant.[1] As this appeal is untimely, we are constrained to quash.

Appellees, Jessica Metta Downs and Carolyn R. Downs, filed a complaint in equity on January 27, 1992, against appellant, Philip J. Smythe, Sr. as well as his son and daughter-in-law. The essence of the complaint involved the Uniform Fraudulent Conveyance Act, 39 P.S. §§ 351–363. Appellees reference this complaint to a separate complaint, previously filed on November 8, 1990, for a cause of action arising on April 30, 1990.[2] Appellees alleged in their equity complaint that appellant, Smythe, Sr., was arrested and convicted on criminal charges on or about October 17, 1990. Further, appellees aver that appellant gave his power of attorney to his son soon after he was incarcerated. Appellees submitted that their earlier complaint not only pled compensatory but punitive damages as well for all transfers of property from appellant to his family so as to make appellant insolvent.

The trial court issued a preliminary injunction on March 11, 1992, on appellees petition for same, enjoining and restraining appellants from "dissipating, transferring, alienating or converting any assets and all income owned by Philip J. Smythe, Sr. as of April 30.1990." Trial court opinion dated January 22, 1997 at 2. On July 30, 1992, appellant filed a petition to dismiss the injunction and/or motion to require appellees to post bond. The trial court ordered that appellees post a five hundred dollar ($500.00) bond and issued a new preliminary injunction on December 14, 1992. Two days later a hearing was held following the posting of the bond and the trial court sustained the preliminary injunction in this matter with all the same restrictions of the March 11, 1992 order.

On October 22, 1996, appellees were successful in their suit against appellant for assault and battery and intentional infliction of emotional distress. Appellees were awarded $300,000.00 in compensatory and $300,000.00 in punitive damages. Thereafter, on November 15, 1996, appellant filed a "Motion for Enforcement of Pa. R.C.P. Rule 1531(b) Improvidently Issued Injunction and Resulting Damages For Cause Shown" asserting that the initial injunction was a nullity because the proper bond was not posted. Further, Appellant argued that the error created by said injunction could not be cured. The trial court denied appellant's motion on November 22, 1996, and appellant filed this appeal on December 2, 1996.

Appellant raises the following issues for our review:

1. Did the trial court below, commit an error and act without jurisdiction by re-issuing, with a bond, an improvidently issued injunction, therefore violating Pa. R.C.P. Rule 1531(b) and the rights of the appellants?

2. Did the issuing of a preliminary injunction, without the required bond cause the injunction to be an instant nullity

---

1. Appeal is allowable as an interlocutory appeal as of right. Pa. R.A.P., Rule 311(a)(4), 42 Pa. C.S.A.

2. Said complaint is docketed at 90–010505–13–2 in the Court of Common Pleas of Bucks County, Pennsylvania. As best we can determine from the record, we believe that this complaint at law concerns issues of assault and battery as well as intentional infliction of emotional distress.

and not enforceable according to Pa. R.C.P. Rule 1531(b)?

3. Did the court's re-issuance of the nullified injunction circumvent and/or interfere with appellant's rights to claim "all damages," as a result of the improvidently issued injunction under Pa. R.C.P. Rule 1531(b)?

4. Should the plaintiff counsel know the law and comport with the law, before he undertakes an "extraordinary remedy" that should be considered only with great caution, in seeking an injunction and should plaintiff counsel be held accountable for his violation of the rules?

5. Did the plaintiff's/appellee's violation of Pa. R.C.P. Rule 1531(b) and their attempt to expand and continue this violation by posting a bond nine months after the granting of the improvidently issued injunction, violate and undermine their remedies under the uniform fraudulent conveyance act?

6. The appellants are entitled to "all damages," resulting from a wrongful injunction and should the damages include awards and/or judgments from relating civil actions that are a product of the improvidently issued injunction, if that injunction prevented appellants from competent defense counsel, private investigators and other necessary elements to provide them a reasonable competent defense?

7. Do appellants have the right to refuse to capitulate to appellees wrongful use of an improvidently issued injunction?

8. Did the appellees violation and the court's error with regard to Pa. R.C.P. Rule 1531(b), nullify both the injunction and any disposition in the pending matter, consistent with the law and Pa. court decisions?

9. Is [sic] the violative actions of the appellees, set forth in this brief, sufficient grounds to dismiss this civil action No. 92–000835–14–5, consistent with the law and Pa. court decisions?

Appellant's Brief at 3–4.[3]

 Appellant tries desperately to argue that his appeal is properly before this court. Appellant alleges that he is not appealing the preliminary injunction itself, because that is a nullity in the law, but that he is appealing the trial court's "failure to act to comport with and enforce the Pa. R.C.P. Rule 1531(b) and to stop enforcing the terms of the nullified injunction by arbitrary court actions and the personal whims of the Appellees." Appellant's Brief at 6. The trial court noted that appellant filed this appeal nearly four (4) years from the date of the last preliminary injunction. As the trial court found this appeal to be violative of Pa. R.A.P., Rule 903, 42 Pa.C.S.A.,[4] it specifically found that:

if this appeal is taken from the Order granted March 11, 1992, it should have been commenced within the thirty (30) days sometime on or before April 11, 1992. If this appeal is taken from the Order entered on December 16, 1992, it should have been commenced within thirty (30) days of that date sometime on or before January 16, 1993.

Trial court opinion at 3. Thus, the trial court denied appellant's motion because it was untimely. We agree.[5]

 Although appellant has tried to conceal the fact that he is complaining of the issuance of the preliminary injunction, that is exactly what he is doing. If appellant wanted to take issue with the propriety of the preliminary injunction, he had every opportunity to do so within the requisite thirty (30)

---

3. Although appellant raises nine issues for our review, the heart of his argument on appeal concerns the alleged errors committed by the trial court in re-issuing the preliminary injunction following appellees' failure to post bond with the first preliminary injunction in contravention to Pa. R.C.P. No. 1531(b), 42 Pa.C.S.A.

4. It is axiomatic that the notice of appeal must "be filed within thirty (30) days after the entry of the order from which the appeal is taken." Pa. R.A.P., Rule 903, 42 Pa.C.S.A.

5. We also note again at this juncture that an appeal from an order granting an injunction is an interlocutory appeal as of right pursuant to Pa. R.A.P., Rule 311(a)(4), 42 Pa.C.S.A.

days afforded under Pa. R.A.P, Rule 903, 42 Pa.C.S.A. As appellant has chosen not to exercise his right to do so within the prescribed time period, he cannot be heard now. *See In re Greist,* 431 Pa.Super. 188, 636 A.2d 193 (1994)(thirty (30) day period from order which finally adjudicates dispute between parties must be construed strictly and this Court has no jurisdiction to excuse a failure to file a timely notice).

■ In determining that appellant should have filed his appeal within the thirty (30) days of entry of the preliminary injunction, we need to make the distinction between which preliminary injunction was ripe for appeal. We agree with the trial court and appellant that the first preliminary "injunction was a nullity for failure to post bond." Trial court opinion at 3. In issuing the first injunction, on March 11, 1992, the trial did not set forth the bond to be posted by appellees. Accordingly, this was in contravention to Pa. R.C.P., No. 1531(b), 42 Pa.C.S.A., requiring the posting of said bond. As the preliminary injunction was void, appellant's appeal from the trial court order, which is otherwise proper, would require this Court to invalidate the injunction, due to the lack of a bond, and reverse the trial court decision. *Soja v. Factoryville Sportsmen's Club,* 361 Pa.Super. 473, 522 A.2d 1129 (1987).

■ However, at this point we depart from appellant's argument that the defect could not be cured. The Pennsylvania Supreme Court has addressed this same issue and held that "[i]t is clear that the dissolution of the first injunction was not res judicata. The earlier injunction was dissolved because of a technical defect (the failure to cotemporaneously [sic] file a bond) and not by an adjudication upon the merits." *Grosso v. Englert,* 381 Pa. 351, 356, 113 A.2d 250, 253 (1955). Thus, the trial court was correct in re-issuing the preliminary injunction when it ordered appellees to post bond on December 14.1992. In following through with the order two days later, the court found appellees to have complied with the bond posting and reinstated the March 11, 1992 restrictions. Order entered December 16, 1992.

It is this preliminary injunction, ordered December 16th, from which appellant should have taken his appeal. *See Goodies Olde Fashion Fudge Co. v. Kuiros,* 408 Pa.Super. 495, 597 A.2d 141 (1991)(the court held that a trial judge shall set the time within which bond must be posted by the moving party and an appeal must be filed within thirty (30) days from the entry of the order pursuant to Pa. R.A.P., Rule 903, 42 Pa C.S.A.). As appellant has failed to perfect his appeal within the mandatory time limits, we are constrained to quash the appeal as untimely filed.

Appeal quashed. Jurisdiction relinquished.