J-A06037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KELLY L. COLE, AN INDIVIDUAL, AND BILL COLE'S PUB, INC., A PENNSYLVANIA CORPORATION | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| JEFFERY M. ZWERGEL, AN INDIVIDUAL, CYNTHIA F. ZWERGEL, AN INDIVIDUAL, THE VINYL ANSWERS, INC., A PENNSYLVANIA CORPORATION, AND TRUE REAL ESTATE HOLDINGS, LLC, A PENNSYLVANIA CORPORATION | : : : : : : : : : | No. 646 WDA 2022 |
| Appellants | : | |

Appeal From the Order Entered May 3, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-21-003692

BEFORE: OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: March 16, 2023**

Jeffery M. Zwergel, Cynthia F. Zwergel, The Vinyl Answers, Inc., and True Real Estate Holdings, LLC (the Zwergels) appeal from the order entered in the Court of Common Pleas of Allegheny County (trial court) reinstating the previously issued order granting the motion for special and/or preliminary injunction filed by Kelly L. Cole and Bill Cole's Pub, Inc. (Cole). This case returns to us from remand in which we vacated the initial order because it

_____

[*] Retired Senior Judge assigned to the Superior Court.

enjoined the Zwergels without first requiring Cole to post a bond in contravention of Pennsylvania Rule of Civil Procedure 1531.[1] We vacate the May 2022 order and remand for further proceedings.[2]

**I.**

We previously set forth the relevant factual and procedural history of this case as follows:

> Cole and the Zwergels are owners of adjacent commercial properties, operating a pub and a vinyl fabrication business, respectively. In 1962, the parties' predecessors in interest had recorded an agreement to allow customers of both businesses to use a parking lot between the establishments. Unaware of the existence of this 1962 agreement, the Zwergels in 2018 approached Cole with a license agreement, requiring her to pay for the continued use of their portion of the lot. When Cole discovered the prior agreement and her apparent right to use the lot free of charge, she stopped making the monthly payments. The Zwergels then took steps to erect a fence to close off that portion of the lot owned by them. Cole responded by filing a complaint seeking, *inter alia*, declaratory and injunctive relief. Cole also filed an emergency motion for a preliminary injunction to maintain her customers' access to the parking during the pendency of the action. The trial court scheduled a status conference and then a hearing on the motion. On May 6, 2021, following the initial hearing, the court signed what appears to be the proposed order drafted by Cole, which stated as follows:
>
> > AND NOW, this 6th day of May 2021, upon consideration of the Plaintiff's emergency motion for special and/or preliminary injunction, it is hereby ORDERED that the motion is GRANTED. Plaintiffs have demonstrated a reasonable

---

[1] Pa.R.C.P. 1531(b)(1) (requiring plaintiff seeking preliminary injunction to post bond set by trial court) (discussed in detail ***infra***).

[2] This interlocutory order is immediately appealable as of right pursuant to Pa.R.A.P. 311(a)(4).

> probability of success on the merits against Defendants. Plaintiffs have also demonstrated that they would suffer immediate and irreparable harm in the absence of an injunction, that an injunction would not cause greater harm to Defendants and that an injunction would be in the public interest.
>
> Pending a final resolution of this action on the merits, it is hereby ORDERED that Defendants will not construct or install a fence or any other barrier on that portion of the property used to access Plaintiff's property.

Order, 5/6/21. The court further added additional hand-written provisions to the order, including the following: "A final hearing to be held at the request of the parties." *Id.*

On May 18, 2021, the Zwergels filed a motion for reconsideration and clarification, in which they, *inter alia*, requested a final hearing on Cole's Motion for Preliminary Injunction in accordance with the provision of the May 6 order. On May 21, 2021, Cole filed a motion for sanctions, claiming that the Zwergels violated the May 6 order by blocking the area of the pertinent parking lot with large trucks instead of a fence, something they had never done in the past. By order of June 4, 2021, the court prohibited the Zwergels from parking more than one truck at a time in that area, deferred sanctions to the final hearing on the matter, scheduled a final hearing to take place on July 9, 2021, and indicated that the trial court would conduct a site visit on July 8, 2021, to be arranged by the parties. *See* Order, 6/4/21.

The Zwergels immediately filed a notice of appeal to this Court from the May 6, 2021 order. . .

(*Cole v. Zwergel*, 273 A.3d 1047, at *1-2 (Pa. Super. 2022)) (unpublished memorandum) (some record citations and quotation marks omitted).

We vacated the May 6, 2021 preliminary injunction and the June 4, 2021 order augmenting it because the trial court enjoined the Zwergels without requiring Cole to post a bond and remanded for further proceedings in full

compliance with Rule 1531. (***See id.*** at *6). In doing so, we emphasized that the bond requirement is mandatory and that its purpose is to protect the defendant in the event the preliminary injunction was improperly granted, causing damages. (***See id.*** at *5).

On remand, the trial court held a hearing on April 21, 2022, for the purpose of setting a bond for reissuance of the preliminary injunction. The court heard testimony from both parties and took the matter under advisement pending their submission of briefs. On May 3, 2022, the trial court entered its order reinstating the May 2021 preliminary injection and requiring Cole to post a $15,000 bond within 14 days. Cole did not file a bond in accordance with the order. This timely appeal followed.[3]

## II.

On appeal, the Zwergels challenge the trial court's issuance of the preliminary injunction on multiple bases, including that Cole is unlikely to prevail on the merits. (***See*** Zwergels' Brief, at 3).[4] However, we must first

---

[3] The trial court did not order the Zwergels to file a Rule 1925(b) statement. It issued a brief opinion referring this Court to its previously entered orders and opinion to aid our disposition of this matter. ***See*** Pa.R.A.P. 1925(a)-(b).

[4]

> [O]ur review of the grant . . . of a preliminary injunction is limited to determining whether there were any apparently reasonable grounds for the action of the trial court. We will interfere with the trial court's decisions regarding a preliminary injunction only if there exist no grounds in the record to support the decree, or the rule of law relied upon was palpably erroneous or misapplied. It

address the effect of Cole's failure to post the required bond on our disposition of this appeal. Cole maintains that because she "was unable to post the required bond . . . the requested preliminary injunction did not go into effect . . . [and] this appeal must be dismissed[.]" (Cole's Brief, at 5, 10; **see id.** at 13).

We begin by observing that "a preliminary injunction is an **extraordinary**, interim remedy that should not be issued unless the moving party's right to relief is clear and the wrong to be remedied is manifest." **Anchel**, **supra** at 351 (citation omitted; emphasis added). "The purpose of a preliminary injunction is to preserve the status quo as it exists or previously existed before the acts complained of, thereby preventing irreparable injury or gross injustice." **Id.** (citation omitted). Rule 1531 governs the procedural steps that must be taken to secure a preliminary injunction, and it requires the plaintiff to file a bond with the prothonotary. The Rule provides in relevant part:

> (a) A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary

---

> must be stressed that our review of a decision regarding a preliminary injunction does not reach the merits of the controversy.

**Anchel v. Shea**, 762 A.2d 346, 351 (Pa. Super. 2000), *appeal denied*, 782 A.2d 541 (Pa. 2001) (citation omitted).

- 5 -

or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

(b) Except when the plaintiff is the Commonwealth of Pennsylvania, a political subdivision or a department, board, commission, instrumentality or officer of the Commonwealth or of a political subdivision, a preliminary or special injunction **shall be granted only if**

(i) **The plaintiff files a bond** in an amount fixed and with security approved by the court, naming the Commonwealth as obligee, conditioned that if the injunction is dissolved because improperly granted or for failure to hold a hearing, the plaintiff shall pay to any person injured all damages sustained by reason of granting the injunction and all legally taxable costs and fees[.]

Pa.R.C.P. 1531(a), (b)(1) (emphasis added).

Compliance with the bond requirement "is **mandatory** and an appellate court **must invalidate** a preliminary injunction if a bond is not filed by the plaintiff." *Walter v. Stacy*, 837 A.2d 1205, 1208 (Pa. Super. 2003) (emphasis original; citation omitted). This bond posted by a plaintiff serves as a safeguarding measure and "exists for the specific purpose of protecting a defendant by supplying a fund to pay damages if this relief is granted erroneously." *Goodies Olde Fashion Fudge Co. v. Kuiros*, 597 A.2d 141, 144 (Pa. Super. 1991) (citation omitted). There is no similar bond requirement to obtain a final injunction, and the absence of a preliminary injunction does not foreclose an order for a permanent injunction. *See Soja v. Factoryville Sportsmen's Club*, 522 A.2d 1129, 1131 (1987). This is because the "right to preliminary relief is based on the imminence of

irreparable harm," while entry of a final injunction is appropriate under a comparatively lesser standard, where "such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." *Id.* (citation omitted).

Our decision in *Goodies*, *supra* is instructive. In that case, the plaintiff was unable to post a bond because of financial difficulties. This Court vacated the preliminary injunction and explained as to the bond requirement:

> If Goodies is without the wherewithal to post the bond, they are unlikely to possess sufficient resources for any damages awarded if defendants comply with the order and the injunction is later determined to have been issued in error. It is precisely this situation which the Rules mean to prevent by requiring the posting of a bond. Thus, we find that Goodies has not posted the bond according to the trial court's order and vacate the order at issue.

*Goodies*, *supra* at 144.

In the instant case, Cole concedes her inability to file the bond set by the trial court after a hearing and that the preliminary injunction is, therefore, invalid. We agree and conclude that in light of the extraordinary remedy Cole is seeking in the form of preliminary interim relief, we cannot ignore the mandatory bond posting requirement of Rule 1531 or its purpose of protecting the Zwergels in the event they sustain damages. Accordingly, we vacate the trial court's order and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/16/2023