J-A28018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NORTHGATE AT ALDEN PLACE COMMUNITY ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HARVEY TURNER | : | |
| | : | No. 605 MDA 2025 |
| Appellant | : | |

Appeal from the Order Entered April 24, 2025
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2024-CV-0508

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: MARCH 12, 2026**

Harvey Turner appeals from the order modifying a preliminary injunction in favor of Northgate at Alden Place Community Association ("Northgate"). Turner challenges the issuance of the preliminary injunction before Northgate posted a bond, the sufficiency of the evidence to sustain the elements of a preliminary injunction, and the amount of the bond. We affirm.

This appeal is related to the appeal at No. 464 MDA 2025. Northgate is an age-55-and-over retirement community located at 1002 Northgate Drive, Lebanon, Pennsylvania, 17042. Turner owns property at 1012 Alden Way, Lebanon, Pennsylvania. Northgate's and Turner's properties are subject to an easement agreement ("Easement Agreement"), which was executed by prior owners of the properties on January 30, 2006. The Easement Agreement sets forth certain restrictions as to Turner's "use" of the property. It provides:

(b) The use of [Turner's] Property shall be restricted to only those uses currently permitted in the Planned Development Zoning District of Cornwall Borough, Lebanon County, Pennsylvania as are enumerated on Exhibit E hereof. Any use not enumerated on Exhibit E shall be deemed prohibited unless [Turner] obtains the written consent of [Northgate] to such use.

Easement Agreement at ¶5 B. Exhibit E lists 21 permitted uses of the property. Turner sought to use his property as a wedding venue. The parties agree that "wedding venue" is not an enumerated use in Exhibit E of the Easement Agreement.

In March 2024, Northgate filed an action for declaratory and injunctive relief against Turner. It alleged that Turner was required to seek approval from Northgate before making any improvements to the easement. Northgate further alleged that since Exhibit E of the Easement Agreement does not enumerate "wedding venue" as a permitted use, Turner cannot use his property as a wedding venue.

Northgate sought a preliminary injunction and, after a hearing, the trial court granted the request ("Original Injunction"). The order stated, "Turner is hereby enjoined from using the mansion property as a wedding venue, and in addition, Turner is enjoined from advertising the potential use of the mansion property as a wedding venue pending the resolution of the underlying [d]eclaratory [j]udgment [a]ction." Original Injunction, 3/27/25, at 1. The order further stated that Northgate "shall post bond in the amount of $5,000.00 with the Prothonotary of Lebanon County to be held in accordance with the conditions set forth at Pa.R.C.P. 1531(b)." *Id.* The order did not set

- 2 -

forth a deadline in which to post the bond. Turner filed an appeal of that order, which is before this Court at Docket No. 464 MDA 2025.

On April 16, 2025, Turner filed in the trial court an Emergency Motion to Stay Preliminary Injunction Pending Appeal, or in the Alternative, to Modify Preliminary Injunction (the "Emergency Motion"). The Emergency Motion requested, among other things, dissolution of the Original Injunction due to Northgate's failure to post the required bond. Turner also asserted that the bond in the amount of $5,000 was inadequate to compensate him for any losses he would suffer as a result of the Original Injunction. The Emergency Motion also indicated that Turner had booked a wedding reception on the property to be held on May 24, 2025.

On April 24, 2025, the trial court held a hearing on the Emergency Motion. After the hearing, the court issued the following order ("Modified Injunction"):

> AND NOW, to wit, this 24th day of April, 2025, after a hearing, and in consideration of the testimony produced, [Turner's] Motion to Stay the [Original] Injunction issued on March 26, 2025, is denied. [Turner's] Motion to Modify the Preliminary Injunction is granted as follows:
>
> 1. [Turner] is permitted to use the property located at 1012 Alden Way, Lebanon, Pennsylvania, as a wedding venue for a single wedding on May 24, 2025, in keeping with the provisions of the rental agreement admitted as Exhibit No. 1.
>
> 2. Ingress and egress to the location is permitted only by the Hometown right-of-way access off Route 419 onto Alden Way.

3. [Turner's] Motion to Dissolve the Injunction for failure of [Northgate] to file a bond is denied. [Northgate] must file a bond in the amount of $15,000 no later than May 15th, 2025, or the [Original] Injunction shall dissolve.

4. In all other respects, the Injunction issued on March 26, 2025, shall continue in full force and effect pending a resolution of the underlying declaratory judgment action.

Modified Injunction at 1-2.

Northgate posted the $15,000 bond within the deadline set forth in the court's order. Turner filed the instant timely appeal from the court's April 24, 2025 Modified Injunction.[1]

Turner raises the following issues:

A. Did the trial court abuse its discretion by entering two preliminary injunction orders that purported to take effect before a bond was posted, and by continuing the Original Injunction in the form of the Modified Injunction after [Northgate] failed to post the required bond?

B. Did the trial court abuse its discretion by entering a preliminary injunction despite [Northgate's] failure to establish the six essential prerequisites to obtain a preliminary injunction?

C. Did the trial court abuse its discretion by setting a bond amount that does not provide a reasonable measure of protection for [Turner]?

Turner's Br. at 3-4.

Turner argues that both the Original Injunction and Modified Injunction should be vacated. As to the Original Injunction, Turner argues that "[t]he

---

[1] An order that grants an injunction is immediately appealable as of right. **See** Pa.R.A.P. 311(a)(4); **Ansell v. Charah Sols., Inc.**, 327 A.3d 626, 629 n.1 (Pa.Super. 2024).

trial court erred by issuing, and later continuing, a preliminary injunction that purported to be immediately effective but did not require the contemporaneous posting of security." *Id.* at 24-25. Quoting *Walter v. Stacy*, 837 A.2d 1205, 1208 (Pa.Super. 2003), Turner argues that "[t]he bond requirement is mandatory and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff." *Id.* at 25 (citation removed, emphasis removed). Turner asserts that the Original Injunction is a "legal nullity" because of the lack of security. *Id.* at 22. Turner maintains that "[t]he trial court abused its discretion because the Original Injunction purported to take effect even before the required bond was posted." *Id.* Quoting *Mamula v. United Steelworkers of America*, 185 A.2d 595, 597 (Pa. 1962), Turner argues that the Pennsylvania Supreme Court has long "emphasize[d] both to the Bench and Bar the necessity of filing a bond contemporaneously with the issuance of an injunction." *Id.* at 25-26 (emphasis removed).

Turner argues that both injunctions were defective for the following reasons. First, Turner claims that the preliminary injunction must be vacated because "the Original Injunction purported to take effect immediately, rather than upon posting of security by Northgate." *Id.* at 31. Second, citing *Goodies Olde Fashion Fudge Co. v. Kuiros*, 597 A.2d 141, 144 (Pa.Super. 1991), Turner argues that "even if the Original Injunction could take effect immediately, it was error to issue the injunction without setting a deadline for Northgate to post the bond." *Id.* Third, Turner maintains that under *Rose Uniforms, Inc. v. Lobel*, 184 A.2d 261, 262 (Pa. 1962), the court was

required to dissolve the Original Injunction because after Turner appealed, the court was without jurisdiction to grant the Modified Injunction. *Id.* 31-32. Fourth, Turner argues that the court erred when it stated in the Modified Injunction that the Original Injunction "shall continue in full force and effect" because the Original Injunction was legal nullity *ab initio*. *Id.* at 32. Lastly, Turner maintains that the Modified Injunction was a legal nullity because it purported to take effect immediately but afforded Northgate an additional three weeks to post the bond. *Id.* In Turner's view, "the trial court entered, and then continued, the [p]reliminary [i]njunction without requiring the simultaneous posting of security," which was "an abuse of discretion, as was the trial court's attempt to cure the defects in the Original Injunction through the Modified Injunction." *Id.* at 33-34.

Under Pennsylvania Rule of Civil Procedure 1531(b), an order granting a preliminary injunction must require the petitioner to file a bond with the prothonotary. Pa.R.Civ.P. 1531(b); *Berger By and Through Berger v. W. Jefferson Hill Sch. Dist.*, 669 A.2d 1084, 1086 (Pa.Commw. 1995). "The bond requirement is mandatory and an appellate court must invalidate a preliminary injunction if a bond is not filed by the plaintiff." *Walter*, 837 A.2d at 1208 (internal quotation marks and citation omitted, and emphasis removed). However, "the error may be cured by the re-issuance of the preliminary injunction if the order includes the requirement of a bond." *Id.*; *see also Downs v. Smythe*, 701 A.2d 591, 594 (Pa.Super. 1997) (stating the failure to include an amount for bond in a preliminary injunction order can

be cured by reissuing the preliminary injunction with a requirement that bond be posted in accordance with Rule 1531(b)).

Here, a review of the Original Injunction shows that it complied with Rule 1531(b) as it expressly conditioned the effectiveness of the relief upon Northgate's posting of a bond in the amount of $5,000.00. *See* Original Injunction, 3/27/2024. Less than one month later, after the hearing on Turner's Emergency Motion to Modify the Preliminary Injunction, the court entered an order increasing the bond from $5,000 to $15,000 and setting a deadline for Northgate to post bond. Northgate posted the bond within the deadline. Although a trial court's failure to require a plaintiff seeking a preliminary injunction to file bond renders the injunction null, the error may be cured by re-issuance of the preliminary injunction if the order includes the requirement of a bond. *Walter*, 837 A.2d at 1208. Therefore, any defect in the Original Injunction was cured by the Modified Injunction.

Further, "[it] is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders." ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa.Super. 2011) (*en banc*). "A trial court maintains this authority even after the expiration of the 30[-]day time limitation set forth in 42 Pa.C.S.A. § 5505 for the modification of orders." *Id.* Additionally, Pennsylvania Rule of Appellate Procedure 311(h) provides: "**Further proceedings in lower court.** Rule 1701(a) [(effect of appeal generally)] shall not be applicable to a matter in which an interlocutory order is appealed under subdivision[ ] . . . (a)(4) of this rule." Pa.R.A.P. 311(h).

Here, Turner appealed under Rule 311(a)(4). The trial court thus was not divested of jurisdiction upon appeal of the Original Injunction. Accordingly, the trial court was permitted to modify the Original Injunction to include a date when the bond was due even though Turner had filed a notice of appeal.

Turner's reliance of **Goodies** is misplaced. There, this Court vacated an order granting a preliminary injunction based on a fudge company's (Goodies') failure to post a bond. 597 A.2d at 144. We noted that "[a]t no time in the intervening nine and one-half months [since the grant of the preliminary injunction] has Goodies filed the bond." **Id.** We found since that since Goodies never posted a bond in accordance with the trial court's order, the order granting the preliminary injunction had to be vacated. **Id.** Here, unlike the appellee in **Goodies**, Northgate filed the bond within the deadline imposed in the Modified Injunction. We thus decline Turner's request to vacate the preliminary injunction.

Turner's second issue on appeal is that Northgate failed to satisfy the six essential elements required to obtain a preliminary injunction. This issue was thoroughly addressed in the related appeal at No. 464 MDA 2025. For the reasons set forth in our memorandum at No. 464 MDA 2025, this claim is without merit.

Turner's final argument on appeal is that the amount of the bond does not provide a reasonable measure of protection for Turner. Turner's Br. at 66. He notes that at the time of the April hearing, the value of wedding bookings at his property was $28,000 and he expects additional bookings of at least

$400,000 per year. *Id.* at 68. Turner argues that his "undisputed testimony shows that the [p]reliminary [i]njunction could cause losses in the hundreds of thousands of dollars" and "[g]iven the potential losses, neither the original bond amount of $5,000, nor the modified bond amount of $15,000, provides a reasonable measure of protection for Turner in the event the [p]reliminary [i]njunction is dissolved as having been improperly granted." *Id.* at 68-69.

"The question of the proper amount of a bond for a preliminary injunction is within the discretion of the hearing court." ***Broad and Locust Assocs. v. Locust-Broad Realty Co.***, 464 A.2d 506, 509 (Pa.Super. 1983). "[T]he bond amount is not set to cover 'all damages' but only those that are reasonably foreseeable." ***Christo v. Tuscany, Inc.***, 533 A.2d 461, 467 (Pa.Super. 1987). "The trial court must determine the amount after balancing the equities involved on a case[-]by[-]case basis." ***Id.***; ***see also Greene Cty. Citizens United by Cumpston v. Greene Cty. Solid Waste Auth.***, 636 A.2d 1278, 1281 (Pa.Commw. 1994) (stating, "[t]o determine the proper amount of bond, courts should balance the equities involved" and "require a bond which would cover damages that are reasonably foreseeable"). Further, "plaintiffs may be unable to provide sufficient security where damages could be great, or where [a] plaintiff is impecunious, yet the court may determine, based upon the balance of the equities, that the injunction should nevertheless issue. Consequently, a relatively low bond in light of possible damages may be set." ***Christo***, 533 A.2d at 467; ***see also, e.g., Safeguard Mut. Ins. Co. v. Williams,*** 345 A.2d 664, 671 (Pa. 1975) (finding no abuse of discretion in

setting bond at $10,000 despite appellant's contention "that the probable loss to the company as a result of the injunction could amount to $2,400,000.00"); **Broad and Locust Assocs.**, 464 A.2d at 509 (finding no abuse of discretion by court setting bond at $5,000 even though preliminary injunction "involve[d] property worth millions of dollars").

Here, the trial court, after balancing the equities, was within its discretion in setting the bond in the amount of $15,000. We find no error.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026